UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHURCHWICK PARTNERS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-02251-JRS-MKK ) |
| SEAL KEYSTONE, LLC, SEAL PARK 100, LLC, RAVI HANSOTY, VAMSIKRISHNA BONTHALA, | ) ) ) ) ) |
| Defendants. | ) |

**Order on Motion to Dismiss**

### I.  Introduction and Background

This is a commercial dispute over a failed hotel sale.  Churchwick Partners sought to buy two hotels from the Seal companies and their principals, Hansoty and Bonthala.  Because the hotels were operating under Marriott brands, the deal was only viable if Marriott and Churchwick agreed on plans to renovate and manage the hotels.  Churchwick alleges the deal broke down because, despite Seal's assurances to the contrary, it proved impossible to secure Marriott's approval within the due diligence period.  As the parties attempted to salvage the deal, Seal allegedly seized on a pretext to assert control over $150,000 in escrowed earnest money.  Churchwick seeks relief under various legal theories: breach of contract, fraud, Indiana Crime Victims Relief Act, and Indiana's Uniform Declaratory Judgment Act.  Now before the Court is Seal's Motion to Dismiss, (ECF No. 11), under Rule 12(b)(6) of the Federal Rules.

## II. Discussion

### A. Federal Pleading

Rule 12(b)(6) does not do what Seal wants it to do. In addition to advancing a factual counter-narrative that has no bearing on the allegations of the complaint, (Defs.' Br. Supp. 1–7, ECF No. 12), Seal argues that Churchwick fails to "allege a material misrepresentation of fact" in support of its fraud theory; that it fails to "allege[] any basis for 'reasonable reliance'" for the same theory; that it fails to "allege[] . . . damages proximately caused" by the alleged fraudulent statements; and that it "fails to allege" the breach element of its breach of contract theory, (*id.* at 10, 11, 13, 16). Those arguments are inapposite. *Cf. Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923 (7th Cir. 2007) (quoting *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)) ("Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)."); *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (*per curiam*) ("summarily revers[ing]" a misapplication of federal pleading principles). The one pertinent argument Seal does advance—that Churchwick has inadequately alleged fraud as required by Rule 9(b)—is not a winner.

The Court goes back to basics. "A claim is the aggregate of operative facts which give rise to a right enforceable in the courts." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) (quoting *Florek v. Village of Mundelein*, 649 F.3d 594, 599 (7th Cir. 2011)). Rule 12(b) allows a party to defend against a claim by raising in a motion any of seven listed defenses. Fed. R. Civ. P. 12(b). Rule 12(b)(6) is the

defense "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim can fail Rule 12(b)(6) two ways. It can be formally inadequate, by failing to meet the relevant pleading standard, or it can be substantively inadequate, by describing facts that do not amount to a legal wrong. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (explaining the difference between formal and substantive adequacy and illustrating with examples).

Under the federal notice pleading regime, formal adequacy is a low bar. The default pleading standard, given in Rule 8, is simply that a complaint include a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The special pleading standards, given in Rule 9, modify the default rule in particular cases. Fed. R. Civ. P. 9. But both the default and the special pleading standards serve the fundamental goal of fair notice. *See, e.g., Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1077–78 (7th Cir. 1992) (discussing operation and policy of notice-pleading regime under the federal rules, as contrasted with common law and code pleading); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777–78, 776 (7th Cir. 1994) (quoting 5 Wright & Miller, Fed. Practice and Procedure, § 1298, at 648) ("[F]air notice is 'perhaps the most basic consideration' underlying Rule 9(b)"). So while the facts alleged must sketch a claim that is "plausible," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the complaint need not lay out all the facts that must eventually be proved to prevail at trial—that is what discovery is for. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002); *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998) ("Litigants are entitled to discovery before

being put to their proof, and treating the allegations of the complaint as a statement of the party's proof leads to windy complaints and defeats the function of Rule 8.").

Similarly, the requirements for substantive adequacy are minimal. A claim survives if the facts as alleged, together with reasonable inferences, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016), support any cognizable legal theory, *Shea v. Winnebago Cnty. Sheriff's Dep't*, 746 F. App'x 541, 545 (7th Cir. 2018). The complaint need not even mention a legal theory, *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018) (citing *Johnson*, 574 U.S. at 10–11), much less commit itself to a single theory, *Zimmerman v. Bornick*, 25 F.4th 491, 493 (7th Cir. 2022) (citing *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)), still less provide facts corresponding with each element of that theory, *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (explaining federal pleading standards) ("[I]t is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each.").[1] And, by corollary, a complaint is not deficient because it asserts the wrong legal theory for one or more of its claims. *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011); *Beaton*, 907 F.3d at 1023.

A Rule 12(b)(6) motion to dismiss, then, is limited in purpose. It can assert that the pleadings fail to give adequate notice of the claim (*i.e.*, that the pleading is

---

[1] Federal pleading differs from Illinois state pleading in this respect. *Vincent*, 485 F.3d at 923–24 (7th Cir. 2007) ("Facts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does not imply 'plaintiff must allege Fact Y at the outset.' That's the difference between fact pleading (which the courts of Illinois use) and claim pleading under Rule 8.")

formally inadequate under Rule 8 and under Rule 9 if applicable), and it can assert that no legal theory can be sustained consistent with the factual allegations. A Rule 12(b)(6) motion cannot be used to dismiss individual legal theories advanced in support of a claim, so long as at least one theory, implicit or explicit, remains; it cannot be used to attack individual elements in a legal theory or to insist that facts be adduced in support of individual elements; and it cannot be used to argue the ultimate merits of a factual point in dispute.

Given the limited role of Rule 12(b)(6), there are other ways to dispose of claims before trial. *Vincent*, 485 F.3d at 923–24 ("Sometimes a feeble complaint may be dismissed on the pleadings under Rule 12(c), and . . . it is possible to grant summary judgment under Rule 56 in advance of discovery. Dismissal under Rule 12(b)(6) is reserved for complaints that do not state legally cognizable claims . . . ."); *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims[.] . . . Summary judgment is different. The Federal Rules of Civil Procedure explicitly allow for 'partial summary judgment' and require parties to 'identify each claim or defense— *or the part of each claim or defense*—on which summary judgment is sought.'"); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (explaining that, under the Federal Rules, the complaint is "just the starting point. Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving" and use Rule 12(e) to clarify or Rule 56 to cut the case down to size). But those alternatives require at least an answer to the complaint, Fed. R. Civ. P.

5

12(c), if not full discovery. ("A defendant may move for summary judgment at any time," including before discovery; "[i]f the plaintiff has not had time to do enough discovery to respond to the motion, his proper course is to ask for a postponement of the hearing on the motion." *Am. Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 729 (7th Cir. 1986).)

### B. Churchwick's Complaint

Turning to the complaint at hand: Churchwick lays out a plain, coherent account of events that, if true, plausibly support at least some of the proffered legal theories. (Pl.'s Compl., ECF No. 1-3.) The complaint makes two claims: first, that Seal lied about its pre-deal preparations with Marriott, thus setting the deal up for failure, (*id.* ¶¶ 15, 20–22, 37, 45); second, that when the deal was foundering Seal refused to let Churchwick walk away, as, under the terms of the agreement, it ought to have been able to do, (*id.* ¶¶ 49–50, 59, 61–62).

The first claim suggests fraud, which is indeed the legal theory Churchwick advances. The relevant pleading standard is thus Rule 9(b): "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The goal is to give the defendant notice, *Vicom, Inc.*, 20 F.3d at 777–78, and "provide enough detail to enable the defendant to riposte swiftly and effectively if the claim is groundless," *Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l.. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005). Generally that means describing the "who, what, when, where, and how of the fraud," but "the precise details that must be included in a complaint may vary on the facts of a given case." *United States ex rel. Presser v.*

6

*Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (citations omitted). Here, the complaint succinctly details the alleged fraud. (Pl.'s Compl. ¶¶ 20–21, 25.) Churchwick points to a specific conference call on a specific date during which Hansoty and Bonthala made specific misrepresentations that are alleged to be false; it also points to a specific email on a specific date in which those alleged misrepresentations were repeated. Short of quoting the defendants verbatim, it would be hard to state the fraud with greater "particularity." Seal is on clear notice of the alleged fraud and can " riposte swiftly and effectively," *Fid. Nat'l.. Title*, 412 F.3d at 749, if it disputes the facts. The claim meets the pleading standard of Rule 9(b). The claim is also legally sufficient. It is, in fact, a textbook case of fraudulent inducement—in essence, "we only signed the contract because defendants lied." *See, e.g.*, *Lightning Litho, Inc. v. Danka Indus., Inc.*, 776 N.E.2d 1238, 1241 (Ind. Ct. App. 2002) ("Fraudulent inducement occurs when a party is induced through fraudulent misrepresentations to enter into a contract."). Seal contests the adequacy of Churchwick's allegations to establish individual elements of fraud under Indiana law, but that approach, as described above, asks too much of a federal complaint. It may turn out that Churchwick's reliance on the alleged misrepresentations was not reasonable, or that the alleged misrepresentations were in fact unactionable statements of future intent, but the answer to those questions depends on proof of fact, which is not properly before the Court on a motion to dismiss.

   The second claim is also formally and substantively adequate. The legal theory advanced, breach of contract, is not subject to the heightened pleading requirements

7

of Rule 9, so the default "short and plain" standard of Rule 8 applies. The claim is both short and plain. (It pretty well has to be sufficient under Rule 8 given the detail with which Seal contests it; the two parties know what transaction we are talking about here.) The claim is legally sufficient—the basic pattern "our agreement said we could get our money back but you kept it" plausibly supports a breach of contract theory. *Old Nat'l.. Bank v. Kelly*, 31 N.E.3d 522, 531 (Ind. Ct. App. 2015). Seal argues that Churchwick will not be able to prove the "breach" element because Churchwick breached the agreement first. But what constitutes a "breach" is a fact intensive determination. Until it comes time for proof of fact, the question remains open. It is too soon to say, for instance, whether the actions Seal characterizes as Churchwick's "breach" were both "material" and "uncured." (Pl.'s Compl. ¶ 55, ECF No. 1-3.) Given the benefit of reasonable inferences consistent with the complaint, Churchwick might prevail. It need do no more to stave off dismissal.

Finally, because the two claims survive, the Court need not address the alternate legal theories raised under Indiana's declaratory judgment act and the Indiana Crime Victims Relief Act. *Am. Nurses' Ass'n*, 783 F.2d at 727 ("[A] complaint cannot be dismissed merely because one of the theories on which it proceeds, and the facts alleged in support of that theory, do not make out a claim for relief.").

### III. Conclusion

Seal's Motion to Dismiss, (ECF No. 11), is **denied.**

**SO ORDERED.**

Date: 04/17/2023

*[signature: James R. Sweeney]*

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

8

Distribution:

Robert M. Andalman
A&G Law LLC
randalman@aandglaw.com

Rachael Blackburn
A&G Law LLC
rblackburn@aandglaw.com

Darren Andrew Craig
Frost Brown Todd LLP
dcraig@fbtlaw.com

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jdawson@taftlaw.com

Justin S. Feinman
Williams Mullen PC
jfeinman@williamsmullen.com